UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RISA COCO ET AL** | **CASE NO. 6:22-CV-00834** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **D G LOUISIANA L L C ET AL** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Defendant D G Louisiana, LLC ("DG") removed this suit to this court by Notice of Removal dated March 25, 2022.[1] Having reviewed the pleadings, this Court is unable to determine from the face of the pleadings whether the amount in controversy exceeds the jurisdictional minimum. The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[2] Therefore, defendant DG must bear that burden.

The complaint alleges that plaintiff Risa Coco ("Plaintiff" or "Coco") sustained injuries resulting in various damages in a slip-and-fall accident at the Dollar General store located in Sunset, Louisiana in June of 2020.[2] The Complaint

---

[1] Rec. Doc. 1.
[2] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).
[2] Rec. Doc. 1-2 at ¶ 2.

further alleges that DG and its insurer are liable for Plaintiff's injuries under principles of Louisiana tort law.

When, as in this case, the plaintiff does not seek recovery of a determinate amount in his complaint, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.[6] To satisfy that burden, the party invoking the Court's jurisdiction must either (1) demonstrate that it is facially apparent that the value of the claim is likely greater than $75,000, or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[7]

Plaintiff's Complaint did not explain the precise nature or extent of Plaintiff's preexisting condition, alleged injuries, the cost of medical treatment already incurred, the cost of any likely future medical treatment, the amount of time she lost from work following the accident, if any, or any basis for calculating her alleged damages.  Rather, Plaintiff generally alleged that she suffered "past, present and future pain and suffering, medical expenses, permanent disability, loss of income, loss of enjoyment of life, and other losses to be determined at trial."[3]  D G's Notice of Removal alleges Plaintiff's ongoing treatment for aggravation of an unspecified pre-existing back condition, attaching a variety of medical records with no

---

[6]   28 U.S.C. § 1332(a); *St. Paul Reinsurance*, 134 F.3d at 1253.
[7]   *St. Paul Reinsurance*, 134 F.3d at 1253.
[3]   Rec. Doc. 1-2 at ¶ 7.

explication or summary.[4] The parties' Rule 26(f) Report similarly fails to shed any light on the nature or extent of Plaintiff's injuries.[5] Therefore, it is not facially apparent that the amount in controversy exceeds the jurisdictional threshold, and this Court is unable to conclude that the amount in controversy exceeds $75,000.

Accordingly,

IT IS ORDERED that, not later than July 8, 2022, DG shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). These facts should be supported with summary-judgment-type evidence. Plaintiff will be allowed seven days to respond to DG's submission.

Signed at Lafayette, Louisiana, this 8th day of June, 2022.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[4] Rec. Doc. 1. This Court will not undertake the reading and summary of literally hundreds of pages of medical records, attached without meaningful synopsis, to D G's Notice of Removal. As the removing party, D G is required to prove the amount in controversy by a preponderance of the evidence. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

[5] Rec. Doc. 9.