UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RISA COCO ET AL                          CASE NO.  6:22-CV-00834

VERSUS                                   JUDGE TERRY A. DOUGHTY

D G LOUISIANA L L C ET AL                MAGISTRATE  JUDGE  DAVID  J.
                                         AYO

## JURISDICTION FINDING

Defendant DG Louisiana LLC ("DG") removed the above-captioned suit to
this federal district court on March 25, 2022, alleging diversity jurisdiction pursuant
to 28 U.S.C. § 1332.  (Rec. Doc. 1).  Review of the Notice of Removal and attached
state court petition filed by Plaintiffs Risa Coco and Jonty Coco ("Plaintiffs")
revealed ambiguity regarding the amount in controversy in this personal injury case.
Based on the ambiguous nature of the amount in controversy, this Court issued an
Order directing the filing of jurisdictional briefs on the issue.  (Rec. Doc. 10).
Having received all requested briefs, this Court now examines its jurisdictional basis
as detailed below.

As the removing party, Defendant D G Louisiana LLC ("DG") bears the
burden of demonstrating federal jurisdiction by a preponderance of the evidence.
*Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing
*Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir. 2005)).  When, as here, a

defendant's allegation as to the amount in controversy is questioned, the parties submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy required for diversity jurisdiction is satisfied. 28 U.S.C. § 1446(c)(2)(B); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014).

DG's jurisdictional brief, filed on August 8, 2022, asserts plaintiff Risa Coco ("Plaintiff") alleges aggravation of a pre-existing back condition, for which she had a spinal stimulator surgically placed prior to the accident forming the basis of this suit. (Rec. Doc. 13 at p. 2). Medical records attached to DG's brief indicate Plaintiff began treatment following the accident and eventually underwent a procedure to remove her spinal stimulator so she could undergo an MRI to assess the origin of her post-accident pain, which she reported as lumbar pain radiating to her legs. (*Id.*, citing Exhibits D and E). DG points out that, in addition to treatment and surgical removal of her spinal stimulator, Plaintiff continues to treat for her alleged injuries and has not yet reached maximum medical improvement. (*Id.* at p. 3). DG cites Louisiana cases in which the implantation of a spinal stimulator was a basis for damage awards from $100,000 to more than $250,000, arguing that implantation of and removal of this device are similar for purposes of an amount in controversy analysis.

2

On August 10, 2022, two days after DG filed its original jurisdictional brief, DG sought and was granted leave to file a supplemental brief based on newly-received evidence.  (Rec. Doc. 14).  In its supplemental brief, DG advised of the receipt of Plaintiffs' detailed settlement demand letter dated August 10, 2022. Plaintiffs' demand letter ("demand") traces Risa Coco ("Coco")'s medical treatment following the June 19, 2020 accident from which this suit arises.  Specifically, the demand corroborates DG's summary of Coco's treatment, noting her pre-existing back condition, post-accident surgical removal of spinal stimulator and continuing treatment.  Importantly, the demand states

> Ms. Coco is still under the care of Dr. Williams and OGH regarding her chronic low back pain.  However, it is clear that conservative treatment has been unsuccessful. Because of Ms. Coco's extensive pre-existing chronic low back condition and prior surgery, it is highly likely Ms. Coco will be recommended for another lumbar surgery…

(Rec. Doc. 14-4 at p. 2).

Plaintiffs' demand further states "we expect past medical expenses to exceed $30,000.00." (*Id.* at p. 3).  Plaintiffs' demand also reiterates their expectation that a surgery recommendation is expected and that her conservative treatment has proven "unsuccessful." (*Id.* at pp. 3-4).

Eight days later, on August 18, 2022, Plaintiffs filed their jurisdictional brief. (Rec. Doc. 17).  Plaintiffs' brief states, "[d]efendant admits the medical specials do not exceed $30,000.00…" (*Id.* at p. 1).   Significantly, Plaintiffs' brief also states,

3

"[Coco] does not have surgery recommendations **nor has surgery been contemplated** and is only treating conservatively with pain medication at this time." (*Id.* at p. 2) (emphasis added).             2th

When, as here, the amount in controversy is ambiguous from the face of the state court petition, district courts may consider post-removal affidavits and stipulations as evidence of the facts as of the time of removal.  Post-removal demand letters are not determinative of the amount in controversy.  *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226  (5th Cir. 2002); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).

Under the foregoing jurisprudence, this Court considers Plaintiffs' post-removal demand not for its assessment of the dollar value of Plaintiffs' claims, but for its allegations of fact concerning Coco's injury and prognosis.   Courts considering this issue often find the presence or absence of a surgical recommendation to be determinative as to the amount in controversy.  *Espadron v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 3168417 (E.D. La. 2010) (noting that where surgery is recommended, district courts generally find the amount in controversy satisfied); *Hebert v. Hanco Nat. Ins. Co.*, 2009 WL 255948 (M.D. La. 2/03/2009) ("The Court will not parse through every case awarding damages for differing degrees of back injuries, but evidence that the plaintiff suffers from a herniated disc, without any recommendation for surgery, does not satisfy

defendants' burden of proving that the amount in controversy exceeded $75.000 at the time of removal.").   Considering Plaintiffs' representation that surgery is expected and, moreover, necessary in light of Coco's unsuccessful current treatment, this Court finds DG has satisfied its burden with respect to the amount in controversy under § 1332(a).  *Lilly v. Dollar General Corp.*, 2017 WL 4836539 *3 at n. 2 (M.D. La. 2017) (citing *Fairchild v. State Farm Mutual Auto. Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995).

Plaintiffs' jurisdictional brief was filed after the presentation of the August 10, 2022 settlement demand and clearly addressed DG's incorporation of the demand into the record.  (Rec. Doc. 17).  Plaintiffs' brief contains statements that blatantly contradict allegations regarding Coco's medical condition and prognosis. Although this Court acknowledges the routine use of hyperbole and "puffery" in settlement demand letters, it is the finding of the undersigned that the content of Plaintiffs' jurisdictional brief indicates a lack of candor exceeding that which is expected in similar situations.  A recent case from the Eastern District demonstrates this point.

In *Woods v. Patrons Oxford Ins. Co.*, 2022 WL 2965923 (E.D. La. 7/27/22), the defendant removed an automobile accident case from state court.  The plaintiff moved to remand, arguing that the Notice of Removal had failed to establish the amount in controversy.  The defendant responded that, among other things, the

plaintiff had tendered a pre-suit settlement demand for the policy limits of $500,000.

2022 WL 2965923 at *3.  In addition to demanding policy limits, the settlement offer

attached the plaintiff's medical bills totaling $7,560.  *Id*.  Judge Milazzo noted—and

this Court agrees as discussed above—that the settlement amount demanded was not

determinative of the amount in controversy and observed:

> Here, the Court finds that Plaintiff's settlement offer of $500,000
> did not reflect an honest assessment of the value of his claims.  While
> counsel did attach Plaintiff's medical records to the offer, which
> is usually indicative of a serious settlement demand that aims to
> approximate actual damages, here the dollar figure demanded
> ($500,000) and the records in support thereof (reflecting $7,560 in bills)
> **are so discordant that any reasonable recipient would not view the
> offer as a fair valuation of the underlying claims**.  Plaintiff's medical
> records reflect no prospect of serious, costly procedures on the horizon
> or debilitating, excruciating injuries that justify the $500,000 figure.

*Id*. (emphasis added).  The same cannot be said here.

Unlike in *Woods* where the plaintiff had only $7,560 in medical bills and no

indication of costly procedures in the future (either pre-removal much less post-

removal), Coco has accrued medical expenses of approximately $30,000 mostly

attributable to the removal of the spinal cord stimulator and there is evidence that

her medical care for her alleged low back pain continued post-removal and that she

is contemplating a second surgery.  Notably, the reference in the demand to the

"highly likely" surgical recommendation was based on two **pre-removal**

circumstances—the removal of the spinal cord stimulator and Coco's first lumbar

6

surgery occurring near in time to the implantation of the spinal cord stimulator—and not to any post-removal circumstances.

The Court is not concerned that Plaintiffs sought more than $75,000 in their demand, and the Court's conclusion that the amount in controversy is satisfied was made irrespective of the bottom-line amount sought in the demand. "Puffery" in settlement demands is common enough and expected by parties and courts. The policy limit demand of $500,000 in *Woods* is clear puffery when compared to the medical expenses and absence of any likelihood of costly treatment or procedures and therefore could not be construed as a fair valuation by the plaintiff. On the other hand, Plaintiff's demand—again without consideration of the bottom-line amount— demonstrates a thorough analysis and consideration of the value of the case. The demand is three-and-a-half pages long, included a detailed discussion of Coco's medical history and treatment post-accident, opined that her conservative treatment has been unsuccessful, stated that it is "highly likely" that she will be recommended for a second lumbar surgery, itemized her medical special damages, and included a quantum analysis for her general damages. The Court is compelled to observe that such detail demonstrates a careful analysis of the strength and value of Plaintiffs' case based on pre-removal circumstances. As one court has noted, "Conversely, a settlement offer that contains specific information supporting a plaintiff's claim for

damages suggests the plaintiff is giving her reasonable assessment of the value of her claims." *Martinez v. Sarratt*, 2020 WL 1892357 at *4 (D.S.C. 4/16/20).

Such detail transcends puffery. When viewed in context, the settlement demand in *Woods* for $500,000 with only $7,560 in medical expenses and no prospect of future medical care or procedures was textbook puffery. Here, a settlement offer with $28,156.13 in medical expenses[1] and the serious consideration of a second surgery based on pre-removal circumstances can very reasonably be construed as a "reasonable assessment of the value of her claims." To repeat, the Court is not moved by the bottom-line settlement demand of $125,000; rather, the Court takes issue with the diametrically opposing statements in in Plaintiff's memorandum and demand regarding the prospect of another surgery when that surgery is premised upon Coco's pre-removal medical condition. Counsel are reminded of their obligation of candor to the Court in all communications under Rule 3.3 of the ABA Model Rules of Professional Conduct ("Candor Toward the Tribunal"), also adopted by the State of Louisiana as Louisiana Rules of Professional Conduct Rule 3.3.

Based on the foregoing, this Court finds that DG has successfully borne its burden of demonstrating that Plaintiff's claims, if proven at trial, indicate an amount

---

[1] The demand noted that this medical expense figure was through December 31, 2021, all of which predated removal, and noted that Coco continued to treat in 2022.

8

in controversy exceeding $75,000 exclusive of costs and interest, as required under 28 U.S.C. § 1332(a).

**SIGNED** this 28th day of September at Lafayette, Louisiana.

.

_____

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**